IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 FEB 22 A 11: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **MICHAEL BRENT KOVACH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:06cv159-MEF |
| **MID SOUTH HOME CARE SERVICES, INC.** | ) JURY DEMAND |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**

**I.    INTRODUCTION**

1.    This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 et seq. and §504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff alleges that defendant discriminated against him based on his disability, as that term is defined under the ADA. The plaintiff has been, *inter alia*, denied equal opportunities, benefits and services in the area of employment due to his status as a person with a disability. Plaintiff is entitled to both equitable relief and damages.

**II.   JURISDICTION**

2.    This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, and 42 U.S.C. § 12117. Venue is proper pursuant to 28 U.S.C. § 1391.

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under 42

1

U.S.C. § 12117. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC. Section 504 does not require the exhaustion of administrative remedies.

**III.   PARTIES**

4.   Plaintiff, Machael Brent Kovach, is a male citizen of the United States. He only has one functioning arm. Mr. Kovach is a person with a disability in that he has a condition which substantially limits one or more of his major life activities. Plaintiff is also regarded as or perceived as having a disability which substantially limits one or more of his major life activities, including working, and the plaintiff has a history or record of having such a disability.

5.   Defendant Mid South Home Care Services, Inc. transacts business within the state of Alabama. Defendant is a recipient of federal financial assistance under § 504.

**IV.   FACTUAL ALLEGATIONS**

6.   The plaintiff was born with only one fully functioning arm, which renders the plaintiff substantially limited in several major life activities, including, *inter alia*, caring for himself, working, and performing manual tasks.

7.   The plaintiff applied for a Patient Service Technician position with the defendant on July 28, 2005.

8.   The plaintiff is well qualified for the Patient Service Technician position for which he applied with or without a reasonable accommodation.

9.   On July 1, 2005, Samelia Williamson, the manager of the defendant's Troy location,

interviewed the plaintiff and indicated to him that he had the job subject to a background check and him meeting with District Manager Andy Franklin.

10. When the plaintiff met with District Manager Franklin, Franklin asked the plaintiff if he could set up beds, and the plaintiff told him he could.

11. Despite the plaintiff's qualifications for the position, the defendant did not hire the plaintiff because of his disability, his perceived disability and/or his record of a disability.

12. The defendant has intentionally, and with malice or reckless indifference, discriminated against plaintiff on the basis of his disability, history of disability and/or perceived disability, in the areas of hiring/selection and accommodation.

13. As a result of defendant's actions, plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, plaintiff has suffered injury including pain, embarrassment, humiliation, mental anguish and suffering, and loss of enjoyment of life.

**V.    CAUSES OF ACTION – Title I of The Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act**

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 above with the same force and effect as if fully set out in specific detail herein below.

15. As stated, plaintiff is a person with a disability, has a history of disability and is regarded as disabled. Defendant is an employer, and the plaintiff applied for a job with the defendant.

16. Despite plaintiff's disability, with or without a reasonable accommodation, he was, and is, able to perform the essential functions of a number of jobs within the defendant's entities, including, *inter alia*, the job of Patient Services Technician. Thus, plaintiff meets the definition of a "qualified individual with a disability."

17. Defendant has intentionally and with reckless disregard, discriminated against plaintiff due to his disability and has otherwise classified, and segregated plaintiff in a way which has adversely affected his job opportunities and status due to his disability.

18. Defendant has also limited plaintiff and utilized standards, criteria and/or methods of administration which discriminated against plaintiff in job selection assignments and job classifications and has participated in contractual or other arrangements or relationships that have the effect of subjecting plaintiff to discrimination prohibited by the ADA and the Rehabilitation Act.

19. In addition, defendant has discriminated against plaintiff on the basis of his disability with regard to job application and selection procedures. Such discrimination also amounts to discrimination based on plaintiff's status as a person with a disability.

20. Defendant's actions constitute discrimination in the provision of benefits of employment, including denying plaintiff the right to, *inter alia*, a full and fair review relative to the provision of such.

21. Moreover, the standards, criteria and methods of administration have the effect of discriminating against plaintiff based on his disability, and they perpetuate discrimination against others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not

consistent with business necessity.

22. Defendant also failed to reasonably accommodate plaintiff and has taken adverse action against plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would cause no undue hardship to defendant.

23. Defendant has also used qualification standards and other selection criteria which screen out, or tend to screen out, persons with disabilities or a class of individuals with disabilities and such selection criteria are neither job related nor consistent with business necessity.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against plaintiff by defendant constitutes discrimination and are violative of plaintiff's rights as secured by Title I of the Americans with Disabilities Act , 42 U.S.C. § 12101, *et seq*, and §504 of the Rehabilitation Act.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant's, and at the defendant's request, from continuing to violate plaintiff's rights as well as others who are similarly-situated pursuant to Title I of the Americans with Disabilities Act and §504 of the Rehabilitation Act.

3. Enter an Order awarding instatement into the position he would occupy in the absence of discrimination (or front pay), back pay (plus interest), post judgment interest, nominal,

compensatory and punitive damages.

4.     The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

Jon C. Goldfarb (GOL015)
Maury S. Weiner (WEI021)
Kell A. Simon (SIM061)
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**

Mid South Home Care Services, Inc.,
National Registered Agents, Inc.,
150 South Perry Street
Montgomery, Alabama 36104