IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL BRENT KOVACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil Action No.:  1:06cv159-MEF |
| ) | |
| MID SOUTH HOME CARE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## **PROTECTIVE ORDER**

Upon consideration of the joint motion for protective order (Doc. # 8), filed August 9, 2006, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

The purpose of this Protective Order is to preserve the confidentially of certain information (a) defendant has identified in its Initial Disclosures, and (b)additional documents and information that may be subject to disclosure either in discovery or by party disclosure. The parties having jointly stipulated to the entry of this Protective Order, and the court finding good cause for entry of this Protective Order, it is ORDERED as follows:

1. "Protected Documents" shall refer to any document or any copy of any document bearing personal information regarding another that is not otherwise accessible from public information sources (e.g. address, telephone number). Such documents shall include, but are not limited to, applications for employment, background checks, information obtained from references contacted, withholding or taxation information, personnel files and

records, or any document relating to treatment by medical practitioner, health care provider, or mental health provider or counselor. "Protected Documents" shall likewise include all information contained within any Protected Document or any part thereof.

2. No party to this litigation, or officer, director, representative, agent of employee thereof, shall disclose or permit disclosure of any Protected Document, any part of any Protected Document or any information contained within the Protected Document to any persons other than (a) counsel for the parties to this action, including necessary professional, secretarial and clerical personnel assisting such counsel; (b) court reporters taking or recording testimony involving Protected Documents in this action; (c) independent consultants or experts engaged by counsel of record in this action; and (d) parties, fact witnesses and third parties having previously generated or been provided the Protected Documents. Any disclosure of Protected Documents shall be limited to use in the trial of this case, trial preparations and discovery in connection with this case. Counsel shall be responsible for securing the commitment of any consultant, expert or other third person to compliance with the provisions of this Protective Order.

3. All persons subject to this Protective Order who obtain Protected Documents or any of the information within a Protected Document shall take all necessary and appropriate measures to maintain the confidentiality of the information pertaining to others, and shall share such information only with those persons to whom disclosure is permitted.

4. At the conclusion of this case by entry of a final and non-appealable order, all Protected Documents shall, at the option of the party making the disclosure, be returned or destroyed by the person in custody of the Protected Documents.

DONE, this 10th day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE